# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   vs.<br><br>HISTORIC ASSET PLACEMENT SERVICES GLOBAL, LLC, CHRISTOPHER W. ABSHIER, BILLY W. ABSHIER, FREDERIC A. GLADLE, RONALD JOSH PENDLEY, KEVIN E. SCANNELL, SOVEREIGN DEBT SOLUTIONS, LP, AND OCEAN PARK PARTNERS,<br><br>   Defendants, and<br><br>BARBARA GLADLE,<br><br>   Relief Defendant. | Case No. 2:24-cv-10745-DMG-JC<br><br>STIPULATED PROTECTIVE ORDER<br><br>**[CHANGES MADE BY COURT]** |

**PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL PERSONAL AND BUSINESS INFORMATION**

The Plaintiff Securities and Exchange Commission and Defendants Historic Asset Placement Services Global, LLC, Christopher W. Abshier, Billy W. Abshier, Frederic A. Gladle, Ronald Josh Pendley, Kevin E. Scannell, Sovereign Debt Solutions, LP, Ocean Park Partners, and Relief Defendant Barbara Gladle Plaintiff, having jointly moved for entry of this protective order regarding confidential personal information, the Court hereby grants that joint motion and ORDERS as follows:

This Protective Order applies to all Confidential Information, as defined below, contained in any document, electronically stored information, or other material of any type produced or obtained through initial disclosures or discovery in this litigation or during the Commission's pre-filing investigation relating to the subject of this litigation.  This Protective Order does not address other types of potentially confidential information and the parties have indicated that subsequent agreements or orders may address disclosure of such other types of information.

As used in this Protective Order, the term "Confidential Information" means the following information:

(a)  trade secrets, intellectual property competitive information, and/or confidential financial or business information, and identified and designated by a Party as Confidential Information; or

(b)  regarding any individual or entity: social security number; taxpayer identification number; birth date; credit records; tax, medical, and criminal records; and bank, brokerage, and financial institution account numbers;

provided, however, information is not Confidential Information if it is publicly available, including from governmental agencies.

Portions of depositions may be deemed confidential if they are designated as such when the deposition is taken or within 30 days after receipt of the transcript.

Any deposition testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL".

This Protective Order does not restrict disclosure of materials from which the Confidential Information has been redacted or obscured.

Confidential Information produced or obtained through initial disclosures or other discovery in this litigation, or during the Commission's pre-filing investigation relating to the subject of this litigation, shall be maintained as confidential and shall not be disclosed without the consent of the producing party or the individual whose personal information is at issue or pursuant to further court order, except that Confidential Information may be disclosed without consent or order to the following: (a) the parties to this action, their counsel, counsel's support personnel, and other Commission personnel; (b) consultants, expert witnesses, and vendors retained for this litigation, provided such persons complete a stipulated compliance certification; (c) persons who prepared or compiled the Confidential Information or received the Confidential Information prior to the date of this Protective Order; (d) witnesses (or their counsel) noticed for deposition or designated as a trial witnesses, or who are expected to be so noticed or designated, to the extent reasonably necessary to prepare for or conduct their testimony or to review the transcript of their depositions; (e) other individuals believed to have information relevant to this litigation, to the extent disclosure has been determined by counsel to be reasonably necessary for the prosecution or defense of this matter; (f) judges, magistrate judges, mediators, court reporters, and other court-related personnel involved with this matter, subject to Fed. R. Civ. P. 5.2 and any other applicable limitation on disclosure of confidential information in judicial proceedings, and (g) federal, state, and local law enforcement agencies.  However,

1  nothing in this Order shall prevent the SEC from complying with its obligations
2  under law concerning disclosure of documents, including but not limited to its
3  published Routine Uses of Information in Forms 1661 and 1662, the Freedom of
4  Information Act, and any other statutes or rules applicable to the SEC, or interfere
5  with the SEC's use of information for law enforcement activities and to otherwise
6  regulate, administer, and enforce the federal securities laws.
7       Nothing in this Protective Order is intended to (a) prevent a party that
8  produced Confidential Information from making use of that Confidential
9  Information in its own business operations or disclosing that information to the
10 extent required by law, (b) prevent a party that has produced or received
11 Confidential Information from using or referring to such information in response to
12 discovery in this litigation; or (c) restrict the use or disclosure of information
13 produced or received other than in connection with this litigation or the
14 Commission's pre-filing investigation.
15
16      If the parties disagree as to whether information is Confidential Information
17 within the scope of this Protective Order, the party seeking to disclose the
18 information may seek a ruling from this Court.  The information in dispute shall be
19 deemed Confidential Information until the Court rules or the question is resolved
20 by agreement of the parties.
21
22      If a party that has obtained Confidential Information (or an employee,
23 attorney, expert, or other representative of such a party) receives a subpoena or
24 other disclosure request from a non-party seeking any such Confidential
25 Information, the party receiving the disclosure request shall within seven days
26 provide notice of the disclosure request to the party that produced the Confidential
27 Information.
28

Except as provided in Fed. R. Civ. P. 5.2, Confidential Information may be filed with the Court only (i) under seal or after a determination by the Court that the information at issue need not be sealed, (ii) pursuant to court order, (iii) by agreement of the party that produced the information, or (iv) by consent of the individual whose personal information is at issue.  A party seeking to file Confidential Information under seal must file a motion to seal in accordance with Local Rule 79-5.

In the event additional parties are joined in this litigation, they shall not be provided access to Confidential Information until they have each executed and filed a statement agreeing to be bound by this Protective Order absent further court order.

Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility of any facts or documents revealed in the course of disclosure.  Subject to the Federal Rules of Evidence, Confidential Information may be offered and received into evidence at trial or at any hearing or oral argument.  Any party may move the Court for an order that Confidential Information be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.  Unless otherwise ordered, in the event that any Party determines to use any Confidential Information at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party five business (5) days in advance, and seek to challenge the designations of such Confidential Information.

With regard to the inadvertent production of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection:

1. The inadvertent production by a producing party of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable efforts to prescreen such discovery material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced discovery material is made promptly after the producing party learns of its inadvertent production. Moreover, the inadvertent production of a privileged or protected document or material shall not waive the attorney-client privilege, work-product protection, or any other applicable privilege or protection claimed or asserted over discovery material that covers or otherwise relates to the same subject matter as the inadvertently produced document or material.

2. Upon a request from any producing party who has inadvertently produced discovery material that it believes is privileged and/or protected, each party who has received such material shall immediately return or destroy such material and all copies to the producing party.

3. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced discovery material and such other information as is reasonably necessary to identify the discovery material and describe its nature to the Court in any motion to compel production of the discovery material.

Any party or third party that discovers that it inadvertently or otherwise produced material containing Confidential Information without designating that information as confidential may, within a reasonable time following its discovery of the inadvertent production, retroactively designate that material as Confidential

Information, by providing notice of its designation in writing to all parties and third parties that have received such information.

Unless otherwise ordered, this Protective Order shall remain in force after dismissal or entry of final judgment. Additional protective orders may be requested with regard to other types of potentially confidential information or to supersede this Protective Order. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Confidential Information received during discovery. The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Confidential Information, that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

IT SO ORDERED AS MODIFIED.

Date: April 4, 2025

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge